UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BETTY O. MUKA,

                              Plaintiff,

   -v.-                                        08-CV-00439
                                                   (NPM/GHL)
JAMES P. MURPHY,

                              Defendant.

---

APPEARANCES:

FOR THE PLAINTIFF:

Betty O. Muka, *pro se*

FOR THE DEFENDANT:

No appearance


Neal P. McCurn, Senior District Judge

### *Summary Order*

    Presently before the court are motions for an order sealing the complaint and for a temporary restraining order ("TRO") by plaintiff, Betty O. Muka. For the reasons that follow, both motions are denied.

    On April 22, 2007, Plaintiff filed with this court a complaint against

1

defendant, James P. Murphy, alleging various federal civil rights claims. These claims arise from Plaintiff's dealings with Defendant in state court proceedings, which were brought against Plaintiff by Ruth P. Matson ("Matson"), seeking an order compelling Plaintiff to "convey over any and all property belonging to [Matson], including but not limited to the real property located at 846 Park Avenue, Syracuse, New York, along with personal property and bank accounts belonging to [Matson]." Ex. 3 to Compl. Defendant here is the presiding judge in the state court action. Also on April 22, 2007, Plaintiff filed a motion seeking an order sealing the complaint due to allegations therein regarding Matson's mental condition.

On April 24, 2007, Plaintiff filed a motion for a TRO enjoining Defendant from holding any hearings or taking any action with regard to Plaintiff, Matson, or Matson's attorney, James A. Meggesto. In her complaint, Plaintiff alleges that Defendant issued an Order to Show Cause "threatening to jail [Plaintiff] for six months on 4/24/08 if [Plaintiff] did not stay out of the real estate that Defendant [] has already ordered [Plaintiff] to give . . . to Att[orne]y Meggesto ... ." Compl. ¶ 48.

When deciding a motion for a temporary restraining order, the court follows the same legal standard as that on a motion for a preliminary injunction. Freeman v. McKnight, No. 07-CV-01123, 2007 WL 3254431, at *1 (N.D.N.Y. Nov. 2, 2007) (citing Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir.1992)). Generally, the "district court may grant a preliminary injunction where the moving party establishes: (1) that it is likely to suffer irreparable injury if the injunction is not granted, and (2)

2

either (a) a likelihood of success on the merits of its claim, or (b) the existence of serious questions going to the merits of its claim and a balance of the hardships tipping decidedly in its favor." Id. (citing Moore v. Consolidated Edison Co. of New York, Inc., 409 F.3d 506, 510-511 (2d Cir.2005)). "Such relief ... is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Id. (quoting Moore, 409 F.3d at 510-511).

Here, Defendant is a Supreme Court Justice for the State of New York. Despite Plaintiff's repeated assertions that she is suing the Defendant solely in his individual capacity, it is blatantly obvious from the allegations in the complaint that the basis of all Plaintiff's claims arise from actions Defendant took in his capacity as a judge. Absolute judicial immunity protects a judge from suit for actions arising out of the performance of judicial functions. See Clemente v. Town of North Greenbush, No. 1:08-CV-0212, 2008 WL 1771934, at *2 (N.D.N.Y. Apr. 15, 2008) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347-52, 20 L.Ed. 646 (1871) (adopting common law doctrine of absolute immunity for judges in the performance of their judicial functions); Walczyk v. Rio, 496 F.3d 139, 164-65 (2d Cir.2007); Montero v. Travis, 171 F.3d 757, 760 (2d Cir.1999). Therefore, Plaintiff is unable to establish a likelihood of success on the merits of her claims. Further, the court finds that Plaintiff has not shown the existence of serious questions going to the merits of her claim and a balance of the hardships tipping decidedly in her favor. Accordingly, Plaintiff's motion for a TRO is denied.

The court further finds Plaintiff's motion to seal the complaint to be without

3

merit. Plaintiff's sole argument in support of this motion is that a sealing order is required to protect the privacy of Matson, whom Plaintiff alleges is mentally deficient. As there is no record before this court establishing the veracity of Plaintiff's allegation, the court finds no basis for granting a sealing order. Accordingly, Plaintiff's motion to seal the complaint is denied.

Therefore, it is ORDERED that plaintiff, Betty O. Muka's motion for a temporary restraining order enjoining defendant, James P, Murphy from holding any hearings or taking any action with regard to Plaintiff, Matson, or Matson's attorney, is DENIED; and it is further

ORDERED that Plaintiff's motion to seal the complaint is DENIED.

IT IS SO ORDERED.

DATED: April 24, 2008 at 11:00 AM
Syracuse, New York

_Neal P. McCurn_
Neal P. McCurn
Senior U.S. District Judge